UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN WALKER, | Case No. 3:15-cv-00608-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF Nos. 13, 14 |
| SGT. MILLER, et. al., | |
| Defendants. | |

Plaintiff has filed a motion where he requests leave to file a supplemental pleading in this case pursuant to Federal Rule of Civil Procedure 15(d). (Electronic Case Filing (ECF) No. 13 at 1.) Defendants filed a response (ECF No. 15), as well as a motion seeking an extension of time to file their responsive pleading (ECF No. 14).

Federal Rule of Civil Procedure 15(d) allows a party to move "to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." The purpose of this rule is "'to promote as complete an adjudication of the dispute between the parties as possible." *LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986) (quoting C.A. Wright & A.R. Miller, *Federal Practice and Procedure* § 1504, at 536 (1971)). Amended pleadings (governed by Rule 15(a)-(c)), "relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading," while supplemental pleadings "deal with events subsequent to the pleading to be altered and represent additions to or continuations of earlier pleadings." A.R. Miller, M.K. Kane, A.B. Spencer, *Federal Practice and Procedure* § 1504 (3d ed. 2016); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted) (because the claim "accrued after the filing of [the] initial complaint, Rule 15(d) applies").

In the event a party erroneously names a supplemental pleading an amended pleading or vice versa, the misnomer is immaterial. *Id*. Supplemental pleadings require leave of court,

whereas amended pleadings are allowed as of right under specified circumstances. Fed. R. Civ. P. 15. The court has broad discretion in deciding whether to permit a supplemental pleading. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1998).

The original complaint was screened, and Plaintiff was allowed to proceed with a claim of failure to protect against Miller, Case, Scott[1], Skulstad and Mears. (ECF No. 4.) In short, Plaintiff alleges that he was the recipient of threats because of allegations that he was a child molester, and as a result he requested protective custody in June, August and September of 2013, but his requests were denied. He claims that on December 11, 2013, Stubbs complained to Defendants about having to work with Plaintiff, and identified Plaintiff as a child molester. That same day, Plaintiff spoke to Defendants about Stubbs and asked to be assigned to another shift, but his request was denied. Then, on December 12, 2013, when he was working in the prison culinary, Stubbs left his assigned work area, and went to Plaintiff's assigned area, and threw boiling oil and water on Plaintiff causing Plaintiff to be hospitalized and suffer damage to his left eye and ear. Plaintiff contends that Case and Miller should have been supervising the work area, but were not. When Plaintiff filed a grievance, he was told they did not have enough employees to assign to these areas.

The supplemental pleading identifies new defendants: NNCC Warden Isidro Baca, Lieutenant Smith, Associate Warden Lisa Walsh, Correctional Officer McColl, Inspector General Churchman, Correctional Officer Hogan, Correctional Officer Corrizine, and Pauline Simmons. It contains five additional claims. In Count I, he alleges that Smith, Columbus and Corrizine retaliated against him and impeded his access to courts when they removed his box of legal materials in October 2014. In Count II, he contends that Simmons and Ward retaliated against him and denied him access to the courts when he was not given access to discovery materials from a criminal case in December of 2015 and January of 2016. In Count III, Plaintiff alleges deliberate indifference to his serious medical needs against Hogan, stemming from an incident in June and July of 2015, when he contends he was not given appropriate treatment for a

---

[1] Service was accepted by the Attorney General's Office on behalf of Case, Meares, Miller and Skulstad, but not on behalf of Scott and Scott's last known address was not filed under seal. *See infra* at p. 4.

1  swollen and bleeding leg. In Count IV, Plaintiff avers that Hogan again was deliberately
2  indifferent to his serious medical needs when he was not given his medication in July and August
3  of 2015. He appears to allege that McColl was either deliberately indifferent to his safety or
4  engaged in the excessive use of force when a shotgun round was fired in his direction when he
5  was feeling ill. Finally, in Count V, Plaintiff appears to claim that Warden Baca would not open
6  the storage locker so he could obtain his medication, which caused him further injury, and he
7  was then charged with a disciplinary violation related to the shotgun round incident.

8      While the allegations giving rise to the claims stated in the proposed supplemental
9  complaint did occur after those alleged in the original complaint, the claims are entirely
10 unrelated to the original failure to protect claim. The Ninth Circuit has held that Rule 15(d)
11 "cannot be used to introduce a separate, distinct and new cause of action." *See Planned*
12 *Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997); *see also Calloway v. Adams*,
13 624 Fed.Appx. 605 (9th Cir. 2015) (finding that district court did not abuse discretion in
14 dismissing claims to the extent it sought to add new parties and new claims arising from events
15 unrelated to claims for which he was granted leave to proceed). There must be "some
16 relationship ... between the newly alleged matters and the subject of the original action,
17 [although] they need not all arise out of the same transaction." *Keith v. Volpe*, 858 F.2d 467, 474
18 (9th Cir. 1988).

19     There is no relationship between the original failure to protect claim and the five claims
20 asserted in the proposed supplemental pleading; therefore, Plaintiff's motion to file a
21 supplemental complaint (ECF No. 13) is **DENIED**. Plaintiff may assert these claims in a new
22 action, if he desires, after exhausting available administrative remedies.

23     Defendants' motion for an extension of time to file a responsive pleading is **GRANTED**.
24 Defendants have up to and including **October 20, 2016** to file their responsive pleading.
25 ///
26 ///
27 ///
28 ///

1    Within **TEN DAYS** of the date of this Order, Defendants shall file the last known address
2 of defendant Scott under seal, but shall not serve Plaintiff the last known address. If the last
3 known address is a post office box, Defendants shall attempt to obtain and provide the last
4 known physical address. Once Plaintiff receives notice that Defendants have filed the last known
5 address of Scott under seal, he shall file a motion requesting issuance of a summons. If
6 Defendants have no information concerning Scott's last known address, they shall file a notice to
7 that effect, which shall be served on Plaintiff. In this case, it is Plaintiff's responsibility to
8 provide a full name and address for service on Scott.
9 DATED: September 21, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE