# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN WALKER,

    Plaintiff,

vs.

WILLIAM MILLER, *et al.*,

    Defendants.

3:15-cv-00608-MMD-WGC

**ORDER**

Re: ECF No. 104

Before the court is Plaintiff's Motion to Amend (2nd Amend.) Civil Rights Complaint and proposed Second Amended Complaint (SAC). (ECF No. 104.) Defendants filed a response (ECF No. 105), and Plaintiff filed a reply (ECF No. 108).

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). Plaintiff's original complaint was filed on December 14, 2015. (ECF No. 1-1.) The court issued its screening order on April 22, 2016. (ECF No. 4.) Plaintiff was allowed to proceed with a failure to protect claim under the Eighth Amendment against Sergeant Miller, Correctional Officer Case, Food Service Supervisor Scott, Hannah Skulstad, and Caseworker Mears; however, NNCC Warden Isidro Baca and NNCC Associate Warden Lisa Walsh were dismissed. (ECF No. 4.)

The court issued a scheduling order on December 22, 2016, which, among other things, gave Plaintiff until February 20, 2017, to join new parties or file a motion for leave to amend. (ECF No. 32 at 1-2.)

On March 1, 2017, Plaintiff filed a motion to join additional parties. (ECF No. 40.) At that time, Plaintiff stated that investigation revealed new information regarding the responsibility for failing to protect him while working in the culinary. (ECF No. 40.) He sought to add Associate Warden Shreckengost and Warden Isidro Baca as defendants because he learned that there was a shortage of correctional officers within the culinary. (*Id*.) He also asked the court to dismiss defendants Skulstad and Scott, stating they were not directly responsible for the treatment of Plaintiff. (*Id*.)

The court issued a minute order granting Plaintiff leave to file a motion to amend after the expiration of the deadline, advising Plaintiff that it needed to be accompanied by the proposed amended pleading. (ECF No. 44.) Plaintiff was given seven days to lodge a proposed amended complaint. (*Id*.)

Plaintiff filed a motion to amend and proposed first amended complaint (FAC) which named Assistant Warden Shreckengost, Warden Baca, Food Services Supervisor Scott Kahler, Caseworker Mears, William Miller, Justin Case, and Holly Skulstad. (ECF Nos. 49, 49-1.)

On March 14, 2017, the court issued a minute order granting Plaintiff's motion to file an amended complaint, and ordered the FAC filed. (ECF No. 51.) The FAC was filed as ECF No. 52.

The deadlines for discovery and dispositive motions were extended, but there was no extension of the deadline to add parties or file a motion for leave to amend. (ECF No. 63.)

Then, on May 9, 2017, Defendants filed a motion for clarification noting that when Plaintiff sought to amend his complaint, he informed the court he intended to dismiss Scott and Skulstad, but they were included in the FAC. (ECF No. 70.) In addition, they asserted that Plaintiff did not add new claims against Baca, but included the same allegations that were previously dismissed with prejudice. (*Id*.)

The court held a hearing on May 22, 2017. (ECF No. 73.) After hearing from the parties, the court ordered that Scott Kahler and Holly Skulstad were dismissed from the action. (*Id*.) With respect to defendant Baca, the court amended its order to state that leave to amend was not given as to Baca, but granted Plaintiff leave to file a supplemental pleading to attempt to state a colorable claim as to Baca. (*Id*.)

Plaintiff filed his supplemental pleading on June 2, 2017. (ECF No. 74.) Defendants filed a response on June 12, 2017. (ECF No. 75.) The supplemental pleading alleged: that Baca was warden at NNCCC and responsible for staffing of the institution, and if there was a shortage of personnel, he was

required to contact the director and obtain necessary officers to run the prison; that Baca was aware of the lay out of the culinary with fourteen rooms that required inmate workers; that it required twenty-two inmate workers per shift; that the regulations required direct supervision of medium security inmate work detail; that the culinary required the use of knives, cleavers, ice picks, choppers, boiling oil, walk-in ovens and open flames to prepare food; that AR 411 requires direct supervision of the use of those tools and materials; that Baca toured areas and supervised staffing and knew culinary needed more than two officers to supervise the workers; and refused to assign necessary personnel; that he was aware, based on previous incidents, of the risk of serious harm to Plaintiff, and disregarded that risk; that Baca reduced the number of staff in the culinary, elevating the risk of assault; and, that Baca instituted a policy of forcing prisoners to work, including those who were physically vulnerable, and placed them in work assignments with prisoners known to be violent.

On June 27, 2017, the court issued an order finding Plaintiff's supplemental pleading stated a colorable failure to protect claim against Baca under the Eighth Amendment. (ECF No. 76.)

On June 29, 2017, Plaintiff filed a motion to amend the scheduling order. (ECF No. 77.) The court issued a minute order extending the scheduling order deadlines for discovery, discovery motions, dispositive motions, and the joint pretrial order. (ECF No. 79.) It did not address or extend the deadline to add parties, which had already passed.

On September 21, 2017, Plaintiff filed another motion to amend the scheduling order, seeking an extension of the deadlines to complete discovery, discovery motions, dispositive motions and the joint pretrial order. (ECF No. 94.) The court granted the motion extending those deadlines. (ECF No. 95.)

On November 11, 2017, Plaintiff filed his motion to amend and proposed SAC. (ECF No. 104.)

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

Where a motion for leave to amend is filed after entry of the Rule 16 scheduling order deadline, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Instead, the movant must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *Id*. (emphasis original). Rule 16 expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order … will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex. rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (2012).

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment … Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 609 (9th Cir. 1992) (citation and quotation marks omitted) (emphasis added). "Unlike Rule 15(a)'s liberal amendment policy …, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. In other words, "'[t]he focus of the inquiry is upon the moving party's reasons for seeking modification.'" *Farnan*, 654 F.3d at 984 (quoting Johnson, 975 F.3d at 609). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

### III. DISCUSSION

Defendants oppose Plaintiff's motion to amend on the basis that this case has been pending for two years, and that Plaintiff has not demonstrated good cause for amendment, as is required when the deadline to amend has expired. (ECF No. 105.) They do not assert a futility argument, or otherwise substantively address the allegations of the proposed SAC.

The court issued a scheduling order on December 22, 2016. (ECF No. 32.) Plaintiff was given until February 20, 2017, to join new parties or file a motion for leave to amend. (ECF No. 32 at 1-2.)

Plaintiff filed an untimely motion to join parties on March 1, 2017. (ECF No. 40) The court granted him leave to file a motion for leave to amend after the expiration of the scheduling order deadline, and ordered Plaintiff to lodge a proposed amended complaint within seven days. (ECF No. 44.) Plaintiff filed his proposed FAC on March 13, 2017. (ECF Nos. 49, 49-1.) Extensions of the deadlines to complete discovery and to file dispositive motions were subsequently granted, but there was never a further extension of the deadline to join parties or file a motion for leave to amend. Therefore, Plaintiff is required to establish good cause for seeking leave to amend at this juncture.

It appears that Plaintiff did not did not seek leave to amend his complaint again until this time because he did not discover the identity of these new defendants until they were disclosed in discovery responses. Therefore, the court finds that good cause exists to permit amendment beyond the scheduling order deadline. The court cautions Plaintiff, however, that there any further attempt to amend at this late juncture will not be well received. The complaint was filed over two years ago, and a significant amount of discovery has been conducted. The new defendants will need to appear; the parties will be entitled to conduct what limited discovery may remain; and, then move forward with the filing of dispositive motions and/or trial.

The Court has reviewed the proposed SAC for screening under 28 U.S.C. § 1915A.

Plaintiff names Assistant Warden of Operations Ronald Schreckengost, NNCC Warden Isidro Baca, NNCC Unit Five Caseworker Robert Meares (Unit 5), NNCC Caseworker Hannah Skulstad (temporary for Unit 4 in June 2013 and in medical Unit 8), NNCC Caseworker Keith Dillyn (Infirmary Unit 8 on December 22, 2013), NNCC Caseworker Hughes (temporary for Unit 4 on July 9, 2013), NNCC Caseworker Brent Pawling (Unit 8 on July 26, 2013), NNCC Caseworker John Buchannan (Unit 7 on April 16, 2015), NDOC Deputy Director E.K. McDaniel, NNCC Sergeant Correctional Officer William Miller, NNCC Correctional Officer Justin Case, and NNCC Associate Warden Lisa Walsh. (ECF No. 104 at 4-7.)

The basic facts of the original complaint and FAC remain the same. Plaintiff has added several new defendant caseworkers that he claims were aware of his requests for protection due to his physically vulnerable status, but did nothing to alleviate his concerns, and he was subsequently attacked in the culinary. He again includes allegations against Warden Baca concerning the failure to properly staff the

culinary and risks posed to Plaintiff that eventually bore themselves out when he was attacked, and includes allegations implicating Associate Wardens Walsh and Schreckengost, and Deputy Director McDaniel. The court finds that Plaintiff states colorable Eighth Amendment failure to protect claims against these defendants, and the SAC may proceed.

There is one issue, however, that needs clarification. The original complaint named *Hannah* Skulstad, and the body referred to *Hannah* Skulstad. (ECF No. 5 at 3, 7.) Following screening, the Attorney General's Office accepted service and filed an answer on behalf of *Holly* Skulstad. (ECF Nos. 12, 23.) Plaintiff subsequently stated that he wanted to dismiss Skulstad (not using a first name), stating that he believed she violated his rights, but that he could not prove it. (ECF No. 40.) The court gave Plaintiff leave to file a proposed FAC. (ECF No. 44.) In the proposed FAC, which was eventually filed, he nevertheless named *Holly* Skulstad (ECF No. 49-1 at 3, ECF No. 52 at 3), but the body of the FAC referred to *Hannah* Skulstad (ECF No. 49-1 at 8, ECF No. 52 at 8).

Defendants addressed the contradiction between Plaintiff's earlier statement that he wished to dismiss Skulstad, and the inclusion of Skulstad in the FAC in a motion for clarification. (ECF No. 70.) The court hearing on May 22, 2017, and after holding a discussion with the parties, it was noted that *Holly* Skulstad was dismissed from the action. (ECF No. 73.) No one, including the court, raised the issue of Ms. Skulstad's first name.

The proposed SAC once again names Caseworker *Hannah* Skulstad, whom Plaintiff identifies as a temporary caseworker in Unit 4 in June 2013, and a caseworker in Unit 8. (ECF No. 104 at 4.) The body of the SAC, however, references *Holly* Skulstad. (ECF No. 104 at 13.) The court finds that the SAC includes sufficient allegations to state a claim against Ms. Skulstad, and presumes that Plaintiff intends to proceed against Ms. Skulstad since the SAC states more allegations against her than the previous two iterations of the complaint. If this is not the case, Plaintiff shall immediately submit a filing making his position clear. If the court is correct that Plaintiff does intend to proceed against Ms. Skulstad in the SAC, the parties shall meet and confer either telephonically or in writing to determine whether Plaintiff is proceeding against *Hannah* or *Holly* Skulstad, and within **FOURTEEN** days of this Order shall submit a filing to the court indicating the correct name of defendant Skulstad.

///

**IV. CONCLUSION**

(1) Plaintiff's Amended Motion for Leave to Amend (ECF No. 104) is **GRANTED**.

(2) The Clerk shall **FILE** the SAC (ECF No. 104 at 3-26).

(3) Plaintiff may proceed with the claims and defendants asserted in the SAC.

(4) Within **FOURTEEN (14) DAYS** of the date of this Order, the Attorney General's Office shall file a notice advising the court whether it will accept service on behalf of the defendants named in the SAC. If it does not accept service for any of those defendants, it shall file their last known address under seal (and not serve the inmate plaintiff). If the last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es). If service is not accepted for any of the new defendants, Plaintiff shall file a motion identifying the unserved defendant(s) and requesting issuance of a summons and service of the summons and complaint.

(5) If the court is correct that Plaintiff does intend to proceed against Ms. Skulstad in the SAC, the parties shall meet and confer either telephonically or in writing to determine whether Plaintiff is proceeding against *Hannah* or *Holly* Skulstad, and within **FOURTEEN** days of this Order shall submit a filing to the court indicating the correct name of defendant Skulstad.

(6) For those defendants on whose behalf the Attorney General has accepted service, the defendants shall file and serve an answer or other responsive pleading within **TWENTY-ONE** (21) days of the date a notice of acceptance of service is filed.

(7) The current discovery and dispositive motion deadlines are **VACATED**. Once a responsive pleading is filed as to the SAC, the court will issue new deadlines, or set a status conference, if necessary, to extend the discovery and dispositive motion deadlines.

**IT IS SO ORDERED.**

DATED: January 26, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE